2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
In re Kye TROUT, Jr.
Phillip D. ARMSTRONG, Trustee of the Estate of Kye Trout,
Jr., Appellant,
v.
Mary S. TROUT, Appellee.
 No. 93-1488.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 30, 1993.
Filed: August 4, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Phillip D. Armstrong (hereinafter "the trustee") appeals in his capacity as trustee of the bankruptcy estate of Kye Trout, Jr., (hereinafter "the estate") from the District Court's[1] dismissal of his appeal from an order of the Bankruptcy Court.[2] We affirm.
 
 
 2
 In 1984, Kye Trout executed to his ex-wife Mary a quitclaim deed for his interest in two tracts of property (located in Whitefish, Montana) jointly owned by the couple, in exchange for forgiveness of $65,000 in loans he owed to her. Mary did not record the quitclaim deed at that time. Mary had been granted exclusive possession of the property in the couple's divorce decree (contingent on her remaining unmarried), and has continuously occupied the property since that time. In January 1987, Kye filed a Chapter 11 petition. He indicated that he was single on the petition, and he did not list the Whitefish property as an asset of the estate. Approximately two months later, Mary recorded the quitclaim deed. In 1989, the Chapter 11 proceeding was converted to one under Chapter 7, and the trustee was appointed.
 
 
 3
 In July 1991, the trustee brought this adversary action under 11 U.S.C. Secs. 541 and 544 (1988 & Supp. III 1991) seeking a declaration that the estate's interest was superior to Mary's interest in Kye's joint interest in the Whitefish property, and that Mary's interest (acquired through the quitclaim deed) should be avoided and recovered by the estate. The trustee asserted that he had the rights of a hypothetical bona fide purchaser in Kye's joint interest as of January 1987, when Kye filed under Chapter 11.
 
 
 4
 The parties waived trial. The Bankruptcy Court, applying Montana law, dismissed the trustee's complaint. The court noted that, under state law, constructive notice of a fact exists when the purchaser has "actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact ... [and] by prosecuting such inquiry, he might have learned such facts." Mont. Code Ann. Sec. 1-1-217(2) (1991). The court found that the circumstances were sufficient to put the trustee on inquiry as to Mary's interest in the land, and that a prudent person would have questioned the true ownership of the property. Accordingly, the court held that the trustee was not in the position of a bona fide purchaser and could not avoid Kye's transfer of his joint interest in the property to Mary. The District Court affirmed the Bankruptcy Court's decision and dismissed the appeal.
 
 
 5
 We review the Bankruptcy Court's findings of fact for clear error, as did the District Court. In re Schwen's, Inc., 693 F.2d 48, 49 (8th Cir. 1982) (per curiam). The burden to show clear error in the Bankruptcy Court's factual findings becomes more difficult where "the appellate court of first instance, here the District Court, has affirmed the findings made by the trier of fact." Id. at 49 n.3. We review de novo the Bankruptcy Court's conclusions of law. In re Briggs Transp. Co., 780 F.2d 1339, 1342 (8th Cir. 1985).
 
 
 6
 Montana law provides that an individual has constructive notice of a fact (here, the unrecorded quitclaim deed) if he has actual notice of circumstances sufficient to cause a prudent person to inquire further. Mont. Code. Ann. Sec. 1-1-217(2). In this instance, the bankruptcy petition (a public record) revealed that Kye was single and claimed no ownership interest in the Whitefish property. Although Mary's possession was not inconsistent with record title, we conclude that the trustee was not free to disregard these other circumstances, which would lead a prudent individual to investigate further. Accordingly, the trustee may not assert the rights of a hypothetical bona fide purchaser and the estate's interest in Kye's joint interest is not superior to Mary's interest.
 
 
 7
 We affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota
 
 
 [2]
 The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota